UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-63003-CIV-ZLOCH

JEAMIL ST. HUBERT,

        Plaintiff,
  v.

ALLAH'S REHMAT, INC. a Florida for-profit
Corporation d/b/a DUNKIN DONUTS, IQBAL
PANJWANI, and SHAMASHAH PANJWANI,

        Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT, DISMISS WITH PREJUDICE AND RETAIN JURISDICTION TO ENFORCE SETTLEMENT

COME NOW, the Plaintiff and the Defendants (collectively the "Parties"), by and through their respective undersigned counsel, and hereby file this Joint Motion to Approve Settlement, Dismiss Case with Prejudice, and Retain Jurisdiction to Enforce Settlement, and state the following in support thereof:

The Plaintiff filed a Complaint (DE 1) alleging that while Plaintiff was employed as clerk at Defendants' Dunkin' Donuts restaurant, the Defendants violated the Fair Labor Standard Act (FLSA), as amended, 29 U.S.C. § 201 *et. seq.*, by failing to pay overtime wages. Although the Defendants have yet to file an Answer, they dispute all liability and/or that they have violated any provisions of the FLSA.

In this case, there are numerous factual disputes between the parties. Primarily, the parties dispute how many hours each Plaintiff worked each week, whether the individual Defendant can be held personally liable under the FLSA as an "employer," and whether the

Defendants acted willfully.  Notwithstanding their factual dispute, the parties have settled this case, believing that settlement promotes efficiency and brings a reasonable and fair result to this litigation.  A copy of the Parties' Settlement Agreement is attached as **Exhibit A**.

Pursuant to Lynn's Food Stores, Inc. v United States, 679 F. 2d 1350 (11 Cir. 1982), employment and wages claims arising under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor. Accordingly, the Parties respectfully request that the Court review and approve the settlement between the parties.  Under the terms of settlement, the Defendants have agreed to pay:

a. $10,557.60 to Plaintiff, as back W-2 wages;

b. $10,557.60 to Plaintiff as liquidated damages;

c. $3,400.00 to Bober & Bober, P.A. in attorneys' fees and costs.  The amounts paid to Plaintiff' counsel for fees and costs was negotiated by Defendants as a separate amount from the monies being paid to the Plaintiff.

The Parties stipulate that the settlement reached between them represents a "fair and reasonable" resolution of Plaintiff's FLSA claims because the parties have, at length, discussing the strengths and weaknesses of the allegations and defenses.  Here, the parties were represented by competent counsel having experience in FLSA claims, and there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement.  Because under the terms of settlement, the Defendants are required to make two (2) installment payments, the parties have agree that, as part of their settlement, the Court should retain jurisdiction to enforce the Defendants' payment obligations.

WHEREFORE, the Parties respectfully request that this Court:

(a) approve the Parties' settlement and dismiss the case with prejudice;

(b) retain jurisdiction solely to enforce the Defendants' payment obligations;

(c) grant all other relief deemed appropriate.

A proposed Order is attached as **Exhibit B**.

Respectfully submitted this 23rd[h] day of January 2017 by,

| s/. Peter Bober, Esq. <br> peter@boberlaw.com <br> Samara Robbins Bober, Esq., <br> samara@boberlaw.com <br> Bober & Bober, P.A., <br> 1930 Tyler Street <br> Hollywood, FL  33020 <br> Telephone:  (954) 922-2298 <br> Facsimile:  (954) 922-5455 <br> *Attorneys for Plaintiff* | s/. J. David Huskey, Jr., Esq. <br> McGEE & HUSKEY, P.A. <br> 2850 North Andrews Avenue <br> Fort Lauderdale, FL 33311 <br> Phone: (954) 563-8200 <br> Fax: (954) 566-7754 <br> dhuskey@mcgeehuskey.com <br> *Attorneys for Defendants* |
|---|---|

# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

IN CONSIDERATION of the agreements set forth below, and in order to avoid further time, expense and effort associated with any and all litigation or other proceedings between Jeamil St. Hubert (hereinafter referred to as "St. Hubert" or "Plaintiff") and Iqbal Panjwani, Shamashah Panjwani, and Allah's Rehmat, Inc. d/b/a Dunkin Donuts (hereinafter, jointly and severally, referred to as "The Company" or "Defendants"), the parties hereto agree as follows:

1) <u>Background and Intent of the Parties</u>.

   A. Plaintiff has asserted claims against Defendants under the Fair Labor Standards Act 29 U.S.C. §201 *et seq.* ("FLSA") in the matter of <u>Jeamil St. Hubert vs.Allah's Rehmat, Inc., a Florida corporation d/b/a Dunkin Donuts, Iqbal Panjwani and Shamashah Panjwani</u>, United States District Court, Southern District of Florida, Case #0:16-CV-63003-WJZ (Hon. William J. Zloch)(hereinafter "the Lawsuit."). Although the Defendants have not filed a response the Lawsuit, Defendants maintain that Plaintiff is not entitled to any relief whatsoever and that they are not in violation of any provisions of the FLSA..

   B. The Parties desire to settle fully and finally all differences between them including, but in no way limited to, what may be Plaintiff's entitlement to unpaid FLSA wages, along with any other claims, whether direct or contingent, liquidated or unliquidated, accrued or unaccrued, known or unknown, suspected or unsuspected, actual or potential, asserted or unasserted, patent or latent, matured or unmatured, which Plaintiff now owns or holds, has at any time owned or held against Defendants.

   C. <u>Opportunity to Negotiate and Consider</u>: The terms of this Agreement are the product of negotiations between the Parties, and the Parties stipulate that there is adequate consideration given to support the obligations of this Agreement. In executing this Agreement, Plaintiff has not relied on any representation, compromise, conduct or action made by and/or on behalf of Defendants or Defendants' attorneys. Plaintiff acknowledges that Plaintiff has been represented by and has obtained the advice of his own counsel and agrees that Plaintiff has been given a reasonable period of time to consider this Agreement. Plaintiff and Defendants confirm that they have had the opportunity to consult with their own respective counsel about this Agreement and did so to their satisfaction; they are relying on their own judgment and on the advice of their respective attorneys, and each confirm their ability to understand this Agreement and their authority to execute it; and do hereby accept the terms and conditions of this Agreement.

   D. This Agreement, and compliance with this Agreement, shall not be construed as an admission by Defendants of any liability whatsoever, or as an admission by Defendants of any violation of the rights of Plaintiff or any other person, or of any violation of any order, law, statute, regulation, duty, or contract, or any

*JS*

act of discrimination whatsoever against Plaintiff or any other person, and Defendants specifically disclaim any liability to, or discrimination against Plaintiff or any other person, and any alleged violation of any rights of Plaintiff or any other person, or of any order, law, statute, regulation, duty or contract.

2) Consideration. In consideration for the promises made herein, including but not limited to, the St. Hubert's release of the Company, and in full and final settlement and in satisfaction of any and all claims Plaintiff has or had against the Company in the Dispute or otherwise and in full satisfaction of any and all payments due (or may be due) to Plaintiff from Defendants under the FLSA, Defendants will pay a total of **$24,515.20** (the "Settlement Sum")(comprised of $10,557.60 as gross wages, $10,557.60 as liquidated damages and $3,400.00 as attorneys' fees and costs) as set forth below. The Company shall issue the appropriate tax forms in connection with these respective payments. Payment of the Settlement Proceeds is in full settlement of any and all claims brought by Plaintiff including, but not limited to, in this Dispute and under the FLSA including, but not limited to, claims for unpaid wages, minimum wages, overtime, compensation of any kind, compensatory and liquidated damages, attorneys' fees and costs.

The Settlement Proceeds will be delivered by Defendants to Plaintiff's counsel, Bober & Bober, P.A., in two (2) installments, as follows:

A. Installment # 1: The Company shall issue two (2) checks by not later than January 26, 2017: Check # 1 to Jeamil St. Hubert for $5,278.80 as gross W-2 wages, and Check # 2 to "Bober & Bober, P.A. Trust Account" for $6,978.80 (to account for payment of liquidated damages, attorneys' fees and costs).

B. Installment # 2: The Company shall issue (2) additional checks by not later than February 9, 2017: Check # 1 to Jeamil St. Hubert for $5,278.80 as gross W-2 wages, and Check # 2 to "Bober & Bober, P.A. Trust Account" for $6,978.80 (to account for payment of liquidated damages, attorneys' fees and costs).

If the Defendants fail to timely pay the Settlement Sum as set forth herein, then St. Hubert shall be entitled to serve on counsel for the Defendants and file in a court of competent jurisdiction, an Unopposed Motion for Entry of Self-Executing Final Judgment Against Defendants in the amount of $30,648.00, less any amounts paid by the Defendants.

3) Waiver and Mutual General Release. In consideration for entering into this Agreement, and upon delivery of the full Settlement Sum, Plaintiff, on behalf of himself and his descendants, dependents, heirs, executors, administrators, assigns and successors, fully, finally and forever releases, absolves, discharges and gives up any and all claims and rights that Plaintiff may have against the Defendants) as well as Defendants' past and present principal, agents, managers, shareholders, parent companies, subsidiaries, divisions, directors,

*JS*

officers, administrators, fiduciaries, attorneys, agents, and employees (collectively "Releasees"). This releases all claims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, wages, obligations, debts, expenses, attorneys' fees, costs, damages, judgments, orders and liabilities including, but not limited to, those claims, arising out of Plaintiff's employment with the Defendants and/or his separation from employment, based in law, equity or otherwise, whether direct or contingent, liquidated or unliquidated, accrued or unaccrued, known or unknown, suspected or unsuspected, actual or potential, asserted or unasserted, patent or latent, matured or unmatured, which Plaintiff now owns or holds, has at any time owned or held, or may in the future discover that he had owned or had held against Defendants, specifically including actions for equitable or declaratory relief of any kind, reinstatement, back pay, overtime pay, minimum wage pay, retaliation damages, severance benefits under any severance plan, damages or compensatory relief of any kind, punitive or liquidated damages of any kind, violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Family and Medical Leave Act, the Fair Labor Standards Act, ERISA, the Florida Civil Rights Act, Florida's Workers' Compensation Law, or for costs, attorneys' fees or interest available under United States or state constitution, statute, law or regulation, municipal ordinance or regulation, or common law.

The Defendants on their own behalves and on behalf of each of their successors, assigns, or affiliated or related companies, hereby release Plaintiff of all claims based in law, equity or otherwise, whether direct or contingent, liquidated or unliquidated, accrued or unaccrued, known or unknown, suspected or unsuspected, actual or potential, asserted or unasserted, patent or latent, matured or unmatured, which the Defendants or Releasees now own or hold, have at any time owned or held, or may in the future discover that they had owned or had held against Plaintiff. This Agreement is intended to release any and all claims against Plaintiff as of the date of this Agreement, without exception. This is a full and complete release of all claims, demands, and causes of action raised or that could have been raised by Defendants against Plaintiff.

4) <u>Sufficiency of Consideration</u>. Plaintiff agrees that the Settlement Proceeds are made in exchange, and constitute good and valuable consideration, for his execution of this Agreement and his waiver and release of his claims brought in this Dispute or otherwise, including, but not limited to, the FLSA claims.

5) <u>No Future Employment</u>. Plaintiff acknowledges that because of circumstances unique to Plaintiff, Plaintiff shall not apply in the future for employment with Defendants or any entity any of the Defendants manage or in which the Defendants have an ownership interest, now or in the future). Plaintiff acknowledges that, if Plaintiff does seek reemployment, failure to

JS

hire the Plaintiff, withdrawal of an offer of employment to Plaintiff, or if already employed, termination of Plaintiff's employment without notice or cause will not constitute retaliation or discrimination and Plaintiff will have no legal recourse against the company for such acts

6) <u>Time to Consider</u>. Plaintiff represents that he has reviewed all aspects of this Agreement and fully understands all the provisions of this Agreement, that Plaintiff understands that in agreeing to this document Plaintiff is releasing Defendants from any and all claims (including FLSA claims) Plaintiff may have against Defendants described herein, that Plaintiff voluntarily agrees to all the terms set forth in this Agreement, that Plaintiff knowingly and willingly intends to be legally bound by the same, that Plaintiff was given the opportunity to consider the terms of this Agreement and discuss them with legal counsel and that the terms were determined through negotiation between counsel for Plaintiff, acting as attorney in fact and law on behalf of Plaintiff, and the attorneys for Defendant. Defendants likewise agree that they have entered in this Agreement voluntarily; that the Agreement is authorized, and that by the signature(s) below, Defendants intend to be bound by this Agreement.

7) Plaintiff also acknowledges that: (a) he has consulted with an attorney of his choosing concerning this Agreement; and (b) he has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on Plaintiff's own judgment and/or his attorney's advice.

8) <u>Confidentiality Provision</u>. The Parties agree, promise, and covenant that the terms and provisions of this Agreement shall remain and be kept strictly confidential and shall not be disclosed except as provided herein. Without the express written agreement from the other Party, or unless required to do so by law or court order, each Party agrees never to disclose the terms of this Agreement to any person or entity, other than to their spouse/partner, personal counsel or attorney, personal accountants, personal tax preparer, or as necessary to report taxes, in which case, such person may be informed that it is required that confidentiality be maintained.

9) <u>Neutral Response to Employment Inquiries</u>. Defendants agree that henceforth they will respond to inquiries from prospective employers regarding Plaintiff by providing only Plaintiff's dates of employment and positions held. Defendants shall be prohibited from providing any other information to prospective employers of the Plaintiff. It shall be a material breach of the foregoing non-disparagement clause for the Defendants or their upper management (owners, managers or supervisors) to reveal to a prospective employer of Plaintiff, that Plaintiff brought litigation against the Defendants.

10) <u>No representation</u>. The Parties hereto represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any

JS

representation or statement made by any of the Parties or by any of the Parties' agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement or otherwise, other than those specifically stated in this written Agreement.

11) <u>Binding Effect</u>. This Agreement shall be binding upon the Parties hereto and upon their heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of said Parties and each of them and to their heirs, administrators, representatives, executors, successors, and assigns. Plaintiff expressly warrants that he has not transferred to any person or entity any rights, causes of action, or claims released in this Agreement.

12) <u>Severable Provisions</u>. Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be wholly or partially illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

13) <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

14) <u>Applicable Law</u>. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto. This Agreement shall be governed by, and construed and interpreted in accordance with, the laws of the State of Florida without regard to principles of conflict of law.

15) <u>Construction of Agreement</u>. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto. Each Party has had the opportunity to cooperate in the drafting and preparation of the Agreement. Hence, in any construction to be made of the Agreement, the same shall not be construed against any Party on the basis that the Party was the drafter.

16) <u>Signatures</u>. The Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic, faxed or scanned copies of such signed counterparts may be used in lieu of the originals for any purpose.

17) <u>No Waiver/All Rights Are Cumulative</u>. No waiver of any breach of any term or provision of the Agreement shall be construed to be, nor shall be deemed, a waiver of any other breach of the Agreement. No waiver shall be binding unless it is made in writing and signed by the party waiving the breach. All rights are cumulative.

*JS*

18) <u>Parties' Acknowledgment</u>.  The Parties acknowledge that the terms of this Agreement are contractual and not a mere recital, and that no representation, promise or inducement has been made other than as set forth in this Agreement, and that each Party enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. The Parties further acknowledge and represent that each assumes the risk for any mistake of fact now known or unknown, and that he/it understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted.

19) Should a party to this Agreement be required to enforce a material provision of this Agreement, the non-prevailing party in any such action shall be liable to the prevailing party for reasonable attorneys' fees and costs.

20) Notwithstanding anything herein to the contrary, if any clause or provision in this Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

21) St. Hubert agrees and understands that he will assume fully all tax obligations for all non-wage sums paid hereunder, and he shall be exclusively liable for the payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by St. Hubert under any federal or state laws of any kind. Further, St. Hubert agrees to indemnify and hold harmless Defendants for any and all tax liability which they incur for any portion of the settlement funds which are later deemed to constitute wages or other taxable income for St. Hubert (but not for any amounts that were Defendants' lawful obligation to pay).

22) The parties agree that within three (3) business days of the execution of this Agreement, counsel for the parties shall cause to be filed in the Lawsuit a Joint Motion to Approve Settlement, Dismiss Case with Prejudice, and Retain Jurisdiction to Enforce Settlement in a form to be mutually agreed upon by the parties.

BY YOUR SIGNATURE, YOU AGREE TO THE TERMS SET FORTH ABOVE.

*Plaintiff*

1/17/17
_____        _____
Date                           Jeamil St. Hubert

*Defendants:*

Allah's Rehmat, Inc. d/b/a Dunkin Donuts

1-23-17
Date

By [signature]
Its President

1-23-17
Date

[signature]
Iqbal Panjwani

1-23-17
Date

[signature]
Shamashah Panjwani

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-63003-CIV-ZLOCH

JEAMIL ST. HUBERT,

     Plaintiff,
v.                                         FINAL ORDER OF DISMISSAL

ALLAH'S REHMAT, INC. a Florida for-profit
Corporation d/b/a DUNKIN DONUTS, IQBAL
PANJWANI, and SHAMASHAH PANJWANI,

     Defendants.
_____/

     THIS MATTER is before the Court upon the Joint Motion To Approve Settlement, Dismiss With Prejudice And Retain Jurisdiction To Enforce Settlement (DE 5) filed herein by all Parties. The Court has carefully reviewed said Motion, the Parties' Settlement Agreement (DE 5-1), and the entire court file and is otherwise fully advised in the premises.

     Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Joint Motion To Approve Settlement, Dismiss With Prejudice And Retain Jurisdiction To Enforce Settlement (DE 5) filed herein by all Parties be and the same is hereby **GRANTED**;

2. Pursuant to <u>Lynn 's Food Stores v . United States</u> , 679 F .2d 1350 (11th Cir. 1982), the Parties' Settlement Agreement (5-1) be and the same is hereby approved, adopted and ratified by the Court;

3. The above-styled cause be and the same is hereby **DISMISSED** with prejudice;

4. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot; and

5.  The Court retains jurisdiction solely for the purpose of enforcing the Defendants' settlement payment obligations.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of January 2017.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record